**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MIDAMINES SPRL LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 9429 |
| | ) | |
| KBC BANK N.V., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

For the reasons set forth in the Statement below, the Court finds that the complaint filed by Plaintiff Midamines SPRL Ltd. ("Midamines") and its counsel, Hassan Abbas, was not frivolous. Accordingly, the Court discharges its order to show cause and finds that Rule 11 sanctions are not warranted.

**STATEMENT**

On December 15, 2017, the Court issued a memorandum opinion and order dismissing Midamines' complaint for lack of personal jurisdiction.[1] In doing so, the Court, on its own initiative, raised an issue about whether the complaint satisfied Federal Rule of Civil Procedure Rule 11(b). The specific concern was that Midamines was collaterally estopped from asserting the claims set forth in the complaint by the prior ruling of a New York federal district court, affirmed by the United States Court of Appeals for the Second Circuit, which held that any claim Midamines has to the bank funds at issue in this suit must be litigated in Antwerp, Belgium. Although the Court believed the application of the doctrine of collateral estoppel to be straightforward, it had not afforded Midamines an opportunity to brief the issue. The Court therefore directed Midamines and its counsel to show cause why they should not be sanctioned under Rule 11 for filing claims that Midamines was barred from re-litigating anywhere other than in Antwerp.

Collateral estoppel (also known as issue preclusion) dictates that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Carter v. C.I.R.*, 746 F.3d 318, 321 (7th Cir. 2014) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153–54. "In significant part, preclusion doctrine is premised on an underlying confidence that the result

---

[1] The Court filed an amended memorandum opinion & order on January 16, 2018.

achieved in the initial litigation was substantially correct." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016) (quotation marks and citations omitted).

For issue preclusion to apply, four requirements must be met: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have had a full and fair opportunity to litigate the issue in the prior litigation. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014); *DeGuelle v. Camilli*, 724 F.3d 933, 935-36 (7th Cir. 2013); *see also Swanson v. Baker & McKenzie, LLP*, No. 16 C 7890, 2016 WL 7231610, at *3 (N.D. Ill. Dec. 14, 2016).[2] The Court previously addressed the latter three requirements in its order dismissing this case for lack of personal jurisdiction. The issue of the effect of the forum selection clause was actually litigated and essential to the final judgment in the prior action—indeed, the New York district court dismissed Midamines' claims on the basis that they were brought in the wrong forum due to the forum selection clause. *Midamines SPRL Ltd. v. KBC Bank NV*, No. 12 C 8089 (RJS), 2014 WL 1116875, at *3-7 (S.D.N.Y. Mar. 18, 2014). Moreover, Midamines had an opportunity to fully and fairly litigate the import of the forum selection clause. It not only filed a response to KBC's motion to dismiss, *see id.* at *5, it challenged the district court's dismissal on appeal, arguing in the Second Circuit that KBC could not enforce the clause and that the clause did not apply to Midamines or its claims, *see Midamines SPRL Ltd. v. KBC Bank NV*, 601 F. App'x 43, 44-45 (2d Cir. 2015).

Midamines does not offer any serious challenge to these requirements. Its only real argument on this front is that because the New York district court's dismissal was "without prejudice," there was no "final" adjudication on the merits. (Pl. Br. 1, ECF No. 51.) But Midamines misconstrues the doctrine of preclusion. While it is true that a dismissal without prejudice "signal[s] that the dismissal does not have a preclusive effect in future litigation," the dismissal still is preclusive ***as to the ruling issued***. *Hill v. Porter*, 352 F.3d 1142, 1146 (7th Cir. 2003) (citations omitted); *accord Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) (discussing how jurisdictional dismissal precludes litigation "of the ground of that dismissal" even though dismissal is without prejudice) (citations omitted). If it were not, "the plaintiff would be free to refile the identical case in the same court." *Hill*, 352 F.3d at 1147. Moreover, and more germane to this case, where a complaint is dismissed without prejudice on the grounds of *forum non conveniens*, the decision signals that the plaintiff is free to refile its suit in the "***appropriate forum***." *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 584 (7th Cir. 2008) (emphasis added) (discussing how, after dismissal for *forum non conveniens*, plaintiffs were free to refile case in forum where "such a refiling would not be subject to a defense based on the former adjudication"). But the issue of convenience otherwise is "final" if brought in some other, inappropriate, forum. *Id.*

The only real question then—and one that the Court did not squarely address in its previous opinion—is whether the forum selection clause issues are identical. "For issue

---

[2] Contrary to Midamines' contention, (Pl. Rule to Show Cause Br. 2 n.1, ECF No. 51), federal common law, not Illinois law, determines the preclusive effect of a federal-court judgment, *Adams*, 742 F.3d at 735 (citing *Taylor v. Sturgell*, 552 U.S. 880, 891 (2008)).

preclusion to apply, the issue sought to be precluded must be the same as the issue in the prior litigation with respect to both the facts and the law." *Peterson v. Eide Bailly, LLP*, No. 10 C 8038, 2016 WL 1358527, at *5 (N.D. Ill. Apr. 5, 2016) (citing *Adams*, 742 F.3d at 736; 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4425 (2d ed.)). Midamines argues only that there has been a material change in fact since the prior decision; namely, that courts in Antwerp are no longer available to him and that the forum selection clause no longer exists. (Br. 2-4, ECF No. 51.) But the Court need not address these arguments, as Midamines ultimately is saved by an argument it does not make: that there is difference in the applicable legal standards.

The New York district court, as it was required to do under Second Circuit precedent, utilized a four-part inquiry to assess the validity of the clause. *Midamines*, 2014 WL 1116875, at *3. The inquiry required under Second Circuit precedent does not involve consideration of the validity of the clause under Belgian law. By contrast, under Seventh Circuit precedent, this Court is required to assess the clause's validity under the law chosen by the parties to govern their dispute. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774-75 (7th Cir. 2014) ("In contracts containing a choice of law clause, . . . the law designated in the choice of law clause would be used to determine the validity of the forum selection clause.") (citing *Abbot Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007)); (Vanhuyse Decl., Ex. B, Art. 48, ECF No. 38 (identifying Belgian law as "governing" in terms and conditions of Antwerp Bank agreement)).

There is some disagreement among federal courts about whether a difference in the legal standards applicable to an issue as to which estoppel has been asserted automatically defeats preclusion. *Peterson*, 2016 WL 1358527, at *5 (surveying case law and secondary sources). But at the very least, for preclusion to apply, the two respective legal standards applicable to the resolution of the issue must be comparable. *See* 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4425 (3d ed.) ("Identity of the issue is established by showing that the same general legal rules govern both cases . . . . Preclusion should not apply if there has been a change either in the facts or the governing rules."); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995) ("If there are relevant differences in state law, findings in one suit will not be given collateral estoppel effect in others[.]").

In reviewing the two standards, the Court cannot say that they are comparable. In the Second Circuit, a forum selection clause is valid if it (1) was "reasonably communicated" to the plaintiffs, (2) is mandatory, (3) applies to the claims and parties at issue, and (4) is not "unreasonable or unjust" or "invalid for such reasons as fraud or overreaching." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). Per KBC (in its brief seeking dismissal of the complaint), the enforceability of a forum selection clause in Belgium turns on whether (1) "one or more" of the parties is "domiciled in [Belgium];" (2) the parties have "agreed that a court or the courts of [Belgium] are to have jurisdiction to settle any disputes which have arisen or which may arise in connection with a particular legal relationship"; (3) the agreement is "in writing," and (4) the dispute at issue arose "in connection with" the legal relationship created by the agreement. (Def. Mem. in Supp. of Renewed Mot. to Dismiss 25, ECF No. 39 (citing Regulation CE n° 44/2001 of 22 December 2001 concerning Judicial Jurisdiction, Recognition and Enforcement of Judgment in Civil and Commercial Matters).)

The import of the differences between these two standards on the validity of the forum selection clause is not patent, but for purposes of this ruling it is not necessary for the Court to undertake that analysis. Based on the mere fact of the differences between the controlling standards, there is at least an argument to be raised that the differences are sufficiently material to permit Midamines to avoid preclusion. Moreover, collateral estoppel is an affirmative defense; thus, in this case, KBC had the burden of establishing that preclusion was warranted. *See Novak v. State Parkway Condo. Ass'n*, 141 F. Supp. 3d 901, 906 (N.D. Ill. 2015) (citing *Allahar v. Zohora*, 59 F.3d 693, 696 (7th Cir. 1995)); Fed. R. Civ. P. 8(c). And although KBC's brief acknowledges the differences in the governing legal standards applied in the original and subsequent jurisdictions, (Def. Mem. 24 & n.12, ECF No. 39), it nevertheless did not address the import of those differences, an omission that at least suggests that the differences may be material. Accordingly, the Court cannot conclude that the filing of the complaint in this action was frivolous.

\* \* \*

For the foregoing reasons, the Court discharges the show cause order and finds that Rule 11 sanctions are not warranted against Midamines or its counsel.

Date: January 16, 2018

John J. Tharp, Jr.
United States District Judge